IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:97-CR-29-1H
No. 4:16-CV-12-H

ERNEST RAY GREEN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. [DE #48 and #53]. The government responded by filing a motion to dismiss [DE #56 and #61]. Petitioner has not responded, and the time for further filing has expired. Petitioner has also filed a motion to appoint counsel, [DE #49], which motion is DENIED AS MOOT, in light of the Limited Notice of Appearance filed by the Federal Public Defender's ("FPD") Office under Standing Order 15-SO-02, [DE #55].[1] The court notes the FPD Office filed a motion to withdraw on the basis that no motions would be presented under _Johnson v. United States_, 235 S. Ct. 2551 (2015), [DE #60], and this motion was granted by this court. [DE #62]. This matter is ripe for adjudication.

---

[1] The court notes plaintiff argues for relief on the same basis upon which counsel filed a notice of appearance, Johnson v. United States, 235 S. Ct. 2551 (2015).

## BACKGROUND

On December 10, 1997, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Count One) and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Two). [DE #25]. On March 30, 1998, the court sentenced petitioner to a total term of imprisonment of 248 months and a supervised release term of 5 years. [DE #22]. Petitioner did not appeal. On or about January 22, 2016, petitioner filed the instant motion under 28 U.S.C. § 2255, [DE #48], and was directed to file again using the appropriate form. [DE #52]. On February 23, 2016, petitioner filed on the correct form, and moved to vacate in light of Johnson, arguing that the court imposed a sentence in excess of the statutory and guidelines maximum and "in violation of due process" as he contends he was incorrectly sentenced as a career offender under the United States Sentencing Guidelines ("USSG") §§ 4B1.1 and 4B1.2.[2] [DE #53].

---

[2] Petitioner also argues he is eligible for a writ of error coram nobis because he is no longer "in custody" as he alleges he has completed the sentence imposed on March 30, 1998 and is only incarcerated currently due to a judgment of conviction for another charge. The court finds a § 2255 motion, and not a writ of error coram nobis is the proper avenue for petitioner to seek relief, as petitioner has an unserved term of supervised release on his 1998 sentence and thus is still "in custody" for purposes of filing a § 2255 motion. See Woodfolk v. Maynard, 857 F.3d 531, 539-40 (4th Cir. 2017) ("[§ 2254 petitioner] remains 'in custody,' and his petition remains ripe for adjudication in light of the probationary term he still must serve upon his release from federal prison.") (citing Maleng v. Cook, 490 U.S. 488, 490-93 (1989) (per curiam); and Jones v. Cunningham, 371 U.S. 236, 240-42 (1963)); see also Advisory Committee Note to

## COURT'S DISCUSSION

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. Petitioner filed his motion within one year of Johnson. In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a). Petitioner cannot rely on Johnson or its progeny here as he was sentenced as a career offender under USSG § 4B1.1, and not under the ACCA.

Thus, petitioner's argument that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) is without merit, and the timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1). Petitioner's judgment was entered on April 13, 1998. Petitioner did not file an appeal, and therefore his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142

---

Rule 1, Rules Governing Section 2255 Proceedings ("For a discussion of the 'custody' requirement and the intended limited scope of this inquiry, see advisory committee note to § 2254 Rule 1.").

3

(4th Cir. 2001). The court notes petitioner's § 2255 motion was not filed until January 22, 2016, well more than one year after the judgment became final. Thus, petitioner's motion to vacate is untimely and is therefore DISMISSED.

Further, the court notes that due to the qualification of the predicate offenses as violent felonies under the force clause of the ACCA under Fourth Circuit caselaw, the Supreme Court's resolution of United States v. Brown, 868 F.3d 297, 298 (4th Cir. 2017), reh'g en banc denied, 891 F.3d 115 (4th Cir. 2018), petition for cert. filed, (U.S. May 29, 2018) (No. 17-9276), will not affect the classification of the predicate offenses of the instant case.[3] Therefore, petitioner's claim fails.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #56], is GRANTED. Petitioner's motions, [DE #48,

---

[3] Petitioner's status as a career offender was based on two crimes of violence, North Carolina armed robbery and New York first degree robbery, which have both been found to be violent felonies under the force clause of the ACCA. [PSR at ¶¶ 16 and 17]; see United States v. Burns-Johnson, 864 F.3d 313, 318-20 (4th Cir.), cert. denied, 138 S. Ct. 461, (U.S. Nov. 13, 2017) (No. 17-6345)(holding North Carolina robbery with a dangerous weapon qualifies as a violent felony under the force clause of the ACCA); and see also United States v. Bowles, ___ F.App'x ___, 2018 WL 2230626, at *2 n.1, No. 17-6280 (4th Cir. May 16, 2018) (holding New York second degree robbery and New York third degree robbery convictions categorically qualify as violent felonies under the force clause of the ACCA and noting the definition of "forcible stealing" is the same in New York for first, second, and third degree robberies). As the force clause of the ACCA is identical to the force clause of § 4B1.2(a), the court finds these offenses were properly classified as crimes of violence, and petitioner does not have a basis for the removal of his designation as a career offender under USSG § 4B1.2(a).

4

#49, and #53], are DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 10TH day of July 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35